## DYE vs. DYE.

*Twelfth District Court for San Francisco Co., Dec. T.,* 1857.

### DIVORCE—COMMON PROPERTY.

A. and B. were divorced by a decree of the Fourth District Court, but no division of the property then held in common was made. B., the defendant in the action for the divorce, then brought an action in the Twelfth District Court to obtain a decree ordering this division, but did not allege in the complaint that any portion of the property had been acquired subsequent to the passage of the act of 1850, which adopted the civil law of the community, as the law governing marital rights in this State.

*Held,* on demurrer to the complaint, that the decree could only be entered in the court which granted the divorce, and that the complaint was insufficient, in failing to aver that the property had been acquired subsequent to the passage of the act of 1850.

The facts are sufficiently reported in the opinion.

*Thompson, Irving & Pate,* for plaintiff.

*Stanly & Hayes,* for defendant.

NORTON, J.—This is an action instituted by plaintiff, praying that an account of certain property may be taken, and a moiety thereof be

Dye *vs.* Dye.

decreed to be paid to her. It appears that some years ago, that is, in the month of January, 1853, the parties were divorced by a decree of the Fourth District Court, but that no partition of the property which is now alleged to have been then holden in common between them, and to have been acquired subsequently to their marriage, was made.

In that action the present plaintiff was defendant.

The defendant now demurs to the complaint, and among other points raises the following:—first, that this court has not jurisdiction in the premises; and second, that it is not alleged that the property set forth and described in the complaint, was wholly or in part acquired subsequently to the passage of the act of April 17th, 1850. (*Wood's Cal. Dig.* 487.) Both of these grounds I think well taken. The section of the act of 1850 (*ib.*, 488, art. 2615) upon which plaintiff must rely as the authority for granting the relief which she seeks, if it be granted at all, directs the manner in which the partition of the property held in common at the time of entering the decree of divorce, shall be made. Among its provisions upon the point, there are none which confer any power or authority upon this court, or upon any other except that in which the original action was brought, and by which the decree of divorce was entered, to order the partition and enter the decree now prayed for by plaintiff. If at this day this action can be maintained at all, I think that it can only be done in the Fourth District Court, to obtain there a decree in its nature supplementary to that dissolving the bonds of matrimony.

Argument was made as to what was the law of the community under the Mexican rule,—but I think a consideration of that question unnecessary on account of the objections raised by the second point of the demurrer. After determining the *manner* of the partition, the said act of 1850 declares that its provisions apply to all " property hereafter acquired,"—a clause which, from its terms, prevents this law from being construed retrospectively, so as to attach to property acquired prior to that date,—and it is not alleged that any of the property referred to in the complaint was acquired subsequent to that time.

Demurrer sustained, with leave to amend.